UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lawrence C. Paulin, Jr., <br><br> Plaintiff, <br><br> v. <br><br> Corporal Thomas (Individual), Head of Mail Operations at Dorchester County Detention Center, <br><br> Defendant. | C/A No. 6:07-3752-GRA-WMC <br><br> **Report and Recommendation** |

     Lawrence C. Paulin, Jr. (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a pre-trial detainee at the Dorchester County Detention Center, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names a Dorchester County Detention Center employee as the sole Defendant.[2] Plaintiff claims that his constitutional rights have been violated due to the Defendant's actions or inactions related to mail operations and legal mail. Plaintiff seeks monetary damages. This complaint should be dismissed for failure to state a claim upon which relief may be granted and frivolousness.

***Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)**

     Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915;

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to

2

include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Plaintiff claims that the Defendant is "legally responsible for mail distribution, mail screening, and mail operations" at the Dorchester County Detention Center, and that she is "in charge of mail operations." (Compl. at 2.) Plaintiff alleges that the Defendant personally and intentionally deprived him of incoming mail on several occasions. (Compl. at 2-3.) While it is somewhat difficult to discern, Plaintiff apparently claims that the Defendant violated Plaintiff's constitutional rights under the First Amendment, Fourth Amendment, Sixth Amendment, Fourteenth Amendment, and the Due Process Clause. Essentially, the plaintiff seeks monetary damages based upon three separate issues – each of which is related to his mail. He alleges that: (1) at least six times since April 10, 2007, he has been deprived of incoming mail; (2) incoming legal mail has been opened several times outside of his presence; and, (3) on occasion, another detainee distributed the incoming mail to the detainees.

It is well established that to state a constitutional claim for denial of meaningful access to the courts, an inmate must allege specific injury resulting from the alleged denial. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being impeded); *Michau v. Charleston Co.*, 434 F.3d 725 728 (4th Cir. 2006) (finding *sua sponte* dismissal appropriate where the plaintiff did not explain how he was injured by any limitations on his access to a law library). Plaintiff must make specific allegations as to the actual injury sustained. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (plaintiff failed to identify any actual injury resulting from official conduct); *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir.1993) (prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access"). While it is true that the denial of, delay, or unauthorized opening of legal mail may be a basis for demonstrating the constitutional claim of denial of meaningful access to the courts, the element of specific injury is a necessary part of such a claim. *See Lloyd v. Vincent*, C/A No. 4:03-1546-25BH, *available at* 2004 WL 3249250 (D.S.C. 2004), *aff'd*, 121 Fed. Appx. 531 (4th Cir. 2005) (explaining that "[p]laintiff has not alleged or shown how the opening of the envelope on this occasion denied him free access to the courts or interfered with his ability to prosecute a case he had filed.").

In this case, even assuming the Defendant acted deliberately as alleged in the complaint, Plaintiff does not allege any specific facts that would tend to show that a pending non-frivolous legal case, or any other legal matter, has been adversely affected

4

due to his alleged mail problems at the detention center. Plaintiff does *not* allege that his access to the courts has been harmed in any way. Notably, his claim that he was deprived of mail six times when he did not receive mail due to staff shortages or because the Defendant was performing other work responsibilities is really a claim of *delay* in the delivery of his mail. Plaintiff does *not* allege that he missed any court deadline due to delayed mail delivery nor that any of his mail was deliberately or negligently stolen, misplaced, or missing.

Plaintiff's claims pursuant to the other provisions of the Constitution likewise do not provide him any relief because his claims are both frivolous and fail to state a claim upon which relief may be granted.[3] Plaintiff did not allege that any confidential correspondence with his attorney was disclosed and thereby caused him to be deprived of effective assistance of counsel. *Cf. United States v. Stotts*, 925 F.2d 83, 86-88 (4th Cir. 1991) (noting that the contours of prison inmates' constitutional rights are imprecise, upholding the Bureau of Prisons'(BOP) regulations regarding opening and reading mail, and noting that North Carolina's different approach to legal mail was not evidence that the BOP method was unconstitutional). In fact, the alleged envelopes containing legal mail that were opened outside of Plaintiff's presence were mailed to Plaintiff from courts and county clerks of court. (Compl. at 2-3.) Court documents are generally public records and

---

[3] The undersigned recognizes that a pre-trial detainee's conditions in prison are to be evaluated pursuant to the Due Process Clause of the Constitution to determine whether the challenged condition constitutes punishment. *Block v. Rutherford*, 468 U.S. 576 (1984). A pre-trial detainee must not be punished prior to an adjudication of guilt in accordance with due process. *Id.* "'[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id., quoting Bell v. Wolfish*, 99 S.Ct. 1861 (1979).

available for public viewing. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575-76 (4th Cir. 2004). Loss of property caused by negligence of prison officials is not a deprivation within the meaning of the Due Process Clause. *Daniels v. Williams*, 474 U.S. 327, 331-34 (1986). Generally, the Fourth Amendment is not applicable to searches of prison cells, and prisoners have no legitimate expectation of privacy in their possessions. *Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984). Even liberally construing the complaint, Plaintiff's alleged facts do not state cognizable constitutional claims, and his claims are frivolous.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The petitioner's attention is directed to the important notice on the next page.**

_____
WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

December 19, 2007

Greenville, South Carolina

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).