UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Lawrence C. Paulin, Jr. | ) | C/A No.: 6:07-cv-3752-GRA-WMC |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| Corporal Thomas (Individual), Head of Mail Operations at Dorchester County Detention Center, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

This matter is before the Court for a review of the magistrate's Report and Recommendation filed on December 19, 2007, and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C.  Plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983.

Liberally construed, Plaintiff alleges that the defendant violated his constitutional rights by: opening and reading his legal mail outside of his presence; depriving Plaintiff of his incoming mail, on more than one occasion; and permitting another detainee to distribute the incoming mail to other detainees.  The magistrate recommended that the complaint be dismissed for failure to state a claim upon which relief may be granted and frivolousness.

## **Standard of Review**

Plaintiff brings this action *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Plaintiff filed objections to the Report and Recommendation on January 14, 2008.

### **Objections**

Overall, Plaintiff's Objections merely reargue and restate the issues that were set forth in his complaint. These issues were correctly addressed by the magistrate and this Court will not address the issues a second time. Therefore, the objections lack specificity to trigger *de novo* review and will not be addressed. However, the Court will address one portion of Plaintiff's objections.

The magistrate concluded that Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted, because he failed to allege that a specific injury resulted from the alleged denial of meaningful access to the courts. (Report and Recommendation 4-5.) In response to this statement, Plaintiff submitted objections which reargued and restated the issues set forth in his complaint. He also claimed that each of the alleged constitutional deprivations caused him to suffer "extreme mental anguish, as well as stress," "extreme anxiety," and "headaches." (Plaintiff's Objections 1-2.) However, the Court finds that this argument is without merit. "[T]here is no federal right to be free from emotional distress, psychological stress, or mental anguish in prison, and hence, there is no liability under § 1983 regarding such claims." *Johnson v. Ozmint,* No. Civ. A. 403383726BH, 2005 WL 3164071, *7 (D.S.C. January 25, 2005) (citing *Grand Staff v. City of Borger,* 767 F.2d 161 (5th Cir.1989)). Therefore, Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.

After a review of the magistrate's Report and Recommendation and the objections thereto, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS HEREBY ORDERED that Plaintiff's complaint be DISMISSED *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

April  10 , 2008
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**